UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL ESTRADA,

            Petitioner,

    v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; US ATTORNEY GENERAL, in their official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director of the U.S. Immigration Custom Enforcement; SERGIO ALBARRAN, in his official capacity as Field Office Director of U.S. Immigration and Customs, Enforcement and Removal Operations; WARDEN, in his official capacity as Warden of California City Corrections Center,

            Respondents.

No.  1:26-cv-02527-KES-EPG (HC)

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

Doc. 2

Before the Court is petitioner Daniel Estrada's motion for temporary restraining order. Doc. 2. The Court has previously addressed the legal issues raised by the motion for temporary restraining order. *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

1

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion. Doc. 4. The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents "concede they do not have legal arguments of factual issues that differ from the cases cited in the minute order." *See* Doc. 8 at 2. While respondents oppose the petition, they do not raise any new arguments with respect to the substance of petitioner's arguments. *See id.* at 1–2.

Respondents move to dismiss all respondents other than petitioner's immediate custodian, the warden of the California City Detention Center. Doc. 8 at 3–4. "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent . . . ." *Doe v. Garland*, 109 F.4th 1188, 1195 (9th Cir. 2024). But *Doe* did not address who may be named as a respondent when the appropriate remedy includes a restraint on future detention—a non-core habeas challenge. That issue was addressed in *Dunne v. Henman*, where the Ninth Circuit explained that, for non-core habeas challenges, the "official" who has control over a "future" restraint on the petitioner's freedom is the "true custodian" and should be named as a respondent. *Dunne v. Henman*, 875 F.2d 244, 248–49 (9th Cir. 1989) (citing *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484 (1973)); *see also Doe*, 109 F.4th at 1194, 1197 (noting that in *Dunne* the petitioner "filed his § 2241 petition to attack a future sentence, not his present physical confinement, rendering his petition a non-core habeas petition . . . ."); *Padilla*, 542 U.S. at 437–39 (explaining that the "immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement[,]" and in such a case, a petitioner "may name as respondent the entity or person who exercises legal

2

control with respect to the challenged 'custody.'").

The petition in this case presents both a core and a non-core habeas challenge. Petitioner's release from his present physical confinement at California City Detention Facility is warranted to remedy his unlawful detention under 8 U.S.C. § 1225(b)(2)(A).  For that purpose, petitioner properly named the warden of the facility as a respondent.  But an injunction against petitioner's re-detention without a bond hearing pursuant to 8 U.S.C. § 1226(a) is also warranted in light of *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which an immigration judge would be bound to follow if petitioner were to be re-detained.  For that purpose, petitioner named the remaining respondents.  Doc. 1 at ¶ 18 ("Respondent US Attorney General . . . oversee[s] the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA.").  The petition explains that the warden has only "direct physical custody" of petitioner but no outside immigration enforcement responsibilities, while the remaining respondents are responsible for immigration enforcement.  Doc. 1 at ¶¶ 17–21. Respondents request that the Court dismiss the latter group of officials, but it is those officials— not the warden—who may decide to re-detain petitioner and deny him a bond hearing. Respondents' motion to dismiss the remaining respondents is therefore DENIED.

As respondents have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The Court ORDERS that respondents release petitioner Daniel Estrada immediately. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[1]

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

IT IS SO ORDERED.

Dated:    April 15, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] Respondents argue that this remedy exceeds the permissible bounds of habeas relief, citing *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 121 (2020), for the proposition that habeas is solely a means to secure release from detention. Doc. 8 at 4. This argument fails. Respondents' quoted statements from *Thuraissigiam* are from a different context—the Supreme Court's consideration of whether a jurisdiction-stripping provision violated the Suspension Clause by barring the petitioner's request for a writ of habeas corpus. *See Thuraissigiam*, 591 U.S. at 115–120. That provision is not at issue in this case. As habeas relief is available "to attack future confinement and obtain future releases[,]" *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), the Court finds that "habeas relief remains available . . . to prevent a further detention without a pre-detention hearing," *Martinez Cruz v. Lyons*, No. 5:25-CV-02879-MCS-MBK, 2025 WL 3443146, at *3 (C.D. Cal. Dec. 1, 2025). *Cf. Morrissey*, 408 U.S. at 484–490 (in a habeas challenge, setting out the procedures that must be followed before revoking parole).

4